### Morgan v. O'Bryan.

(Decided November 17, 1910.)

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Wills—Devise by Father to Son—Estate Devised.—By the fifth clause of James O'Bryan's will, he provided as follows: "Fifth. I give

devise and bequeath to my beloved son, Robert L. O'Bryan, for and during his natural life with remainder over: First: to his child or children, if he may have any; Second: to his three sisters hereinbefore named or theirs, if either or all of the three sisters should die, the house and lot No. 1307 West Broadway, and the house and lot No. 1114 Magazine street, in the city of Louisville, Ky., or their value in case same should be sold by me. Also, one-fourth interest in the flouring mill at Uniontown, Kentucky." Held, that the son Robert took the same interest in the flouring mill at Uniontown as he did in the Louisville lots—that is to say, that as the appellee, Robert L. O'Bryan, only took a life estate in the flouring mill at Uniontown, he could not convey to appellant, William M. Morgan, a fee simple title to the mill.

DRURY & DRURY for appellant.

BURNETT & BURNETT and C. B. SEYMOUR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER— Reversing.

The question for adjudication on this record is the title which Robert L. O'Bryan took under his father's (James O'Bryan's) will to a one-fourth interest in a flouring mill in Uniontown, Kentucky. The appellant, William M. Morgan, agreed to purchase the property provided the appellee, Robert L. O'Bryan, could convey a fee simple title to it. This suit was instituted to ascertain what title the appellee had in the property. The solution of the problem before us is involved in the proper construction of item 5 of the will of James O'Bryan. It is as follows:

"Fifth. I give, devise and bequeath to my beloved son, Robert L. O'Bryan, for and during his natural life, with remainder over, first, to his child or children if he may have any; second, to his three sisters hereinbefore named or their heirs if either or all of the three sisters should die, the house and lot No. 1307 West Broadway and the house and lot No. 1114 Magazine street in the city of Louisville, Kentucky, or their value in case same should be sold by me. Also one-fourth interest in the flouring mill at Uniontown, Kentucky."

It is the theory of appellee, that, under the foregoing item of his father's will, he took a fee simple title to the one-fourth interest in the flouring mill at Uniontown, Kentucky, therein mentioned; and this view was adopted by the chancellor. He urges that, while it is true he was

devised only a life estate in the two pieces of Louisville property mentioned in the above excerpt from the will, the interest in the flouring mill at Uniontown stands upon a different basis, and that it was the intention of the testator to devise this in fee simple. We are unable to agree to this theory, or to see any suggestion in the language used by the testator of an intention to devise the interest in the flouring mill differently from the property in Louisville. On the contrary, it seems to us the opposite intention is most apparent. It will be observed that the testator first settled the title to the property to be thereafter devised, and then follows a list of the property to fall within the terms of the title prescribed. He begins the item by devising to his son, for his natural life, with remainder, first, to his child or children, in default of which, then to his three sisters or their heirs, the property afterwards to be described. Then he describes the property devised by giving the lot and house number of two pieces of property in Louisville, Kentucky, or their value if the same should be afterwards sold by the testator before his death; and then comes the provision which constitutes the problem before us: "Also one-fourth interest in the flouring mill at Uniontown, Ky." It is urged by appellee that, because the mention of the flouring mill stands in a sentence by itself, it is thereby taken out of the list of property to which the appellee took a life estate; and the conclusion is drawn that it was devised in fee. But there is no basis for this contention. If the sentence in which the flouring mill at Uniontown is mentioned is isolated from what goes before in the item, there is no devise of it to appellee; it is only by connecting it with all the language that goes before in the item that we can ascertain that the testator intended to devise it to appellee. We must go back to the commencement of the item to find ground for the conclusion that it is devised to appellee at all; and when we do go back and connect the sentence in controversy with the preceding part of the item in which it stands, then we ascertain clearly and definitely that the interest in the flouring mill at Uniontown is devised to appellee by the identical language by which the Louisville lots are devised to him; and this language means precisely the same with reference to the former that it means with reference to the latter. There is no other language in the item which devises the flouring mill except that which also devises the Louisville

lots. This being true, the language means the same in the one case as in the other.

It results from this conclusion, that appellee only took a life estate in the flouring mill at Uniontown, and, therefore, he can not convey to appellant a fee simple title.

The judgment is reversed, with directions that the petition be dismissed.